AZUKA L. UZOH ESQ.
Law Office of Azuka L. Uzoh, Esq.
1930 Wilshire Blvd., Ste. 1216
Los Angeles, CA 90057
Telephone: (213) 483-4020
Facsimile: (213) 483-4037
Email: uzohal@yahoo.com

ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTÉLUM, ESQ., SBN 282771
Casillas & Associates
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Telephone: (562) 203-3030
Facsimile: (323) 725-0350
Email:  acasillas@casillaslegal.com
        dgastelum@casillaslegal.com

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ESTATE OF NICHOLAS BURGOS, by and through successors in interest Maria Guzman and JNB, a minor; MARIA GUZMAN, individually; JNB, a minor, by and through Vanessa Arroyas, Guardian ad Litem,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES; LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DALIA GONZALEZ and DOES 1 to 10,<br><br>Defendants.<br>_____ | **CASE NO:**<br><br>**COMPLAINT FOR DAMAGES**<br>1. Unreasonable Search & Seizure - 42 U.S.C. § 1983 (Excessive Force)<br>2. Municipal Liability for Unconstitutional Customs and Practices - 42 U.S.C. § 1983 (LASD)<br>3. Municipal Liability for Unconstitutional Customs and Practices - 42 U.S.C. § 1983 (DHS)<br>4. Interference with Familial Integrity - 42 U.S.C. § 1983<br>5. Assault & Battery<br>6. Wrongful Death (Excessive Force)<br>7. Wrongful Death (Medical Negligence)<br>8. Civil Rights Violations (Cal. Civ. Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs ESTATE OF NICHOLAS BURGOS, by and through successors in interest Maria Guzman and JNB, a minor; MARIA GUZMAN, individually; JNB, a minor, by and through Vanessa Arroyas, Guardian ad Litem, (hereafter, collectively "Plaintiffs"), and allege as follows:

## I.

## INTRODUCTION

1.      This civil rights action seeks to establish the true and unequivocal facts surrounding the shooting and killing of Nicholas Burgos by Dalia Gonzalez, a deputy of the Los Angeles County Sheriff's Department.  By way of this action, Plaintiffs will establish the violations of fundamental rights under the United States Constitution in connection with the shooting and killing of Nicholas Burgos on or about October 6, 2020, at Harbor-UCLA Medical Center.

2.      Nicholas Burgos was mentally ill and needed medical attention.  The sheriff's deputy who contacted him during the underlying incident had ample time to evaluate his circumstances, concluded that he need medical attention, failed to summon such medical attention, and instead shot and killed him without justification or cause.  This coldblooded shooting was absolutely unjustified, and it is Plaintiffs' goal to show that the killing of Nicholas Burgos was a senseless and unwarranted act of police abuse.

## II.

## JURISDICTION AND VENUE

3.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this

1  action occurred at Harbor-UCLA Medical Center, located at 1000 W Carson St.,

2  Torrance, California, and all of the defendants reside in Los Angeles County.

### III.

### PENDANT CLAIMS

5      5.      With respect to Plaintiffs' supplemental state claims, Plaintiffs request

6  that this Court exercise supplemental jurisdiction over such claims as they arise from

7  the same facts and circumstances which underlie the federal claims.  Plaintiffs have

8  complied with the California Tort Claims Act requirements. With respect to these

9  supplemental state claims, Plaintiffs request that this Court exercise supplemental

10  jurisdiction over such claims as they arise from the same facts and circumstances

11  which underlie the federal claims.

### IV.

### PARTIES

14      6.      Plaintiffs' decedent Nicholas Burgos (also "Mr. Burgos") was an

15  individual residing in the County of Los Angeles, California.  The claims made by the

16  Estate of Nicholas Burgos are brought by the successors in interest to the Estate of

17  Nicholas Burgos pursuant to California Code of Civil Procedure § 377.32.  The

18  successors in interest are his mother, Maria Guzman, and his son JNB.

19      7.      At all times relevant hereto, Plaintiff Maria Guzman, is and was the

20  natural mother of decedent Nicholas Burgos.

21      8.      At all times relevant hereto, Plaintiff JNB is and was the natural son of

22  decedent Nicholas Burgos.  JNB is a minor and his claims are presented by and

23  through is mother, Vanessa Arroyas.

24      9.      Defendant COUNTY OF LOS ANGELES (hereinafter also

25  "COUNTY") is and was, at all relevant times hereto, a public entity, duly organized

26  and existing under and by virtue of the laws of the State of California, with the

27  capacity to sue and be sued. Defendant COUNTY is responsible for the actions,

28  ///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

omissions, policies, procedures, practices and customs of its various agents and agencies.

10. Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT (hereinafter also "LASD"), is subdivision and department of Defendant COUNTY, a separate public entity, which employed defendant Dalia Gonzalez. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees, complied with the laws and the Constitutions of the United States and of the State of California.

11. Defendant LOS ANGELES DEPARTMENT OF HEALTH SERVICES (hereinafter also "DHS"), is subdivision and department of Defendant COUNTY, and is a separate public entity, which employed Doe Defendants in this action. DHS operates and manages the Harbor-UCLA Medical Center located at 1000 W Carson St., Torrance, California, and it controls all the premises at said hospital.  At all times relevant to the facts alleged herein, Defendants COUNTY and DHS were responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including the employees of DHS, complied with the laws and the Constitutions of the United States and of the State of California.

12. At all times relevant to the facts alleged herein, Defendant COUNTY possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LASD. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees and agents, complied with the laws and the Constitutions of the United States and of the State of California.

13. At all relevant times, Dalia Gonzalez was a resident of Los Angeles County and was an employee and agent of defendants COUNTY and LASD, and

with respect to all allegations herein against him, she acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants COUNTY and the LASD, as well as under the color of the statutes and regulations of the State of California. she is sued in his individual capacity.

14.     At all relevant times, each of DOES 1 through 10 were employees of the defendant COUNTY, working as a member of the LASD or DHS. At all times relevant herein, each of DOE defendant named in the present action, 1 through 10, was an employee and/or agent of Defendants COUNTY, LASD and/or the DHS, and they acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants COUNTY, the LASD and/or DHS, as well as under the color of the statutes and regulations of the State of California.

15.     At all relevant times, each of the Defendants DOES 1 through 10 were acting within his or her capacity as an employee, agent, representative and/or servant of defendants COUNTY, LASD and/or DHS and is sued in their individual capacities.

16.     The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

17.     Defendants DOES 1 through 10 were deputies, physicians, psychiatrists, counselors, psychologists, nurses, technicians and/or other medical or mental health staff and supervisors, officials, executives and/or policymakers for the LASD and DHS, departments and subdivisions of Defendant COUNTY OF LOS ANGELES. At all times mentioned herein said DOE Defendants were employees, representatives and/or agents of Defendant COUNTY OF LOS ANGELES and defendants LASD

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1   and DHS.  Said defendants, at all times relevant, were acting in the course and scope

2   of their employment and agency with Defendant COUNTY OF LOS ANGELES,

3   which is liable under the doctrine of *respondeat superior* pursuant to California

4   Government Code § 815.2.

5        18.    Each of the above defendants caused and is responsible for the unlawful

6   conduct and resulting by, inter alia, personally participating in the conduct, or acting

7   jointly and in concert with others who did so; by authorizing, acquiescing or failing to

8   take action to prevent the unlawful conduct; by promulgating policies and procedures

9   pursuant to which the unlawful conduct occurred; by failing and refusing, with

10  deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate

11  supervision and/or training; and, by ratifying the unlawful conduct that occurred by

12  agents and peace officers under their direction and control.  Whenever and wherever

13  reference is made in this Complaint to any act by a Defendant, such allegation and

14  reference shall also be deemed to mean the acts and failures to act of each Defendant

15  individually, jointly and severally. They are sued in their individual and official

16  capacities and in some manner are responsible for the acts and omissions alleged

17  herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such

18  name and responsibility when that information is ascertained.  Each of the

19  Defendants is the agent of the other.

20                                    **V.**

21              **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22       19.    On or about the evening of October 6, 2020 at approximately 11:15 p.m.,

23  Nicholas Burgos was a patient at Harbor-UCLA Medical Center, located at 1000 W

24  Carson St., Torrance, California.

25       20.    Nicholas Burgos was a mentally ill patient and was suffering from a

26  mental health crisis.   The hospital staff reported an emergency to the hospital's

27  behavioral response team.  The team unreasonably delayed in responding to Mr.

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1    Burgos's patient room.  The door to his room was not equipped with a required lock

2    such that he would be detained in his room.

3         21.     Upon exiting the patient room, Mr. Burgos was contacted by defendant

4    Dalia Gonzalez, a deputy sheriff with the LASD.   Deputy Gonzalez was posted as an

5    armed guard on the floor along with another armed guard to monitor a deputy that

6    was being treated in an adjacent room.  Defendant Gonzalez, as well as the LASD,

7    was on notice that the room she was monitoring was adjacent to, and on the same

8    floor as, the hospital's mental health ward where persons with mental health illnesses

9    and conditions would be housed.  She knew or should have known that she would

10    encounter mental health patients suffering various from various mental health

11    illnesses and conditions, including psychosis.

12         22.     Deputy Gonzalez was aware that the hospital's behavioral response team

13    was responding to assist Mr. Burgos.  Rather than return to the room she was

14    monitoring, rather than calling for assistance of the other armed guard she was

15    working with and formulating a tactical plan to avoid contact with Mr. Burgos, she

16    carelessly and negligently contacted Mr. Burgos and escalated and agitated his mental

17    health crisis by yelling at him, pointing her firearm at him, and engaging in other

18    conduct which escalated Mr. Burgos mental health emergency.   After coming into

19    contact with Mr. Burgos, deputy Gonzalez made yelled threats of violence at Mr.

20    Burgos to attempt to intimidate him from asserting his constitutional rights against

21    unreasonable searches and seizures. Thereafter, in retaliation, she fired several

22    gunshots in the hospital hallway at Mr. Burgos striking him and causing him severe

23    injuries.

24         23.     Instead of undertaking these negligent pre-shooting tactics and failing to

25    develop a reasonable tactical plan with the other armed guard, and instead of taking a

26    position of safety and deescalating the mental health crisis that Mr. Burgos was

27    undergoing, she chose to escalate the incident and use deadly force.

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

24.     The LA County Department of Health Services operates and manages the Harbor/UCLA Medical Center ("HUMC").  The occurrence of mentally ill patients being intentionally and/or negligently shot at by sheriff's deputies and/or other police officers was a recognized risk and danger at Harbor-Medical Medical Center.  The danger of police violence against patients was known to the DHS through the prior police shooting of Ruben Herrera at HUMC in 2015 and the police shooting of a patient at a local hospital, Adventist Health White Memorial Hospital, on June 9, 2018 who was subsequently treated for his injuries at the DHS's trauma center at the LA County/USC medical center.

25.     After being on notice of the risk to its mental health patients by armed police officers, the Los Angeles Department of Health Services ("DHS") has:

    a.     failed to implement policies and procedures to protect patients from police violence;

    b.     failed to provide safe premises at HUMC which isolated and protected patients from police personnel not related to hospital security personnel,

    c.     failed to implement policies and procedures which restrict the use of firearms on the premises of HUMC by non-security force police personnel, and,

    d.     failed to isolate patients under police guard and police officer patients under police guard away from the general population of patients at HUMC, and,

    e.     failed to install locking doors in patient wards which house mental health patients to prevent them from roaming/eloping from their rooms; and,

    f.     allowed police personnel not trained in hospital security protocols, rules and procedures and police personnel from other jurisdictions to provide security services for patients and police officers patients.

26.     The shooting and killing of Ruben Herrera occurred at HUMC in December of 2015. Since that shooting, the County of Los Angeles, the LASD and

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

DHS have been on notice of the threat of on-premises police shootings and related deaths of patients. They have failed to implement any training, policies, procedures or physical changes to the premises to prevent on-premises police shootings. The shooting and killing of Nicholas Burgos marked the second time in recent years that deputies and other armed officers have shot and killed patients at Harbor-UCLA patients.

27.     Defendants County of Los Angeles, DHS and the various administrators physicians, nurses, technicians and other medical staff also negligently failed to properly care for Nicholas Burgos by allowing him access to locations within the HUMC facility where armed police were present, knowing that contact with such offices would result in harm to Nicholas Burgos. They were aware that the mere presence of an officer in a hospital setting may trigger agitation and fear in mentally ill patients such as Mr. Burgos and that the sight of a weapon can incite aggression which could reasonably lead to an encounter with police and the patient that could result in injury to the patient. They fell below the standard of care in providing him medical and mental health care and ensuring that the premises where he was being attended to were reasonably safe.

28.     The County of Los Angeles, the LASD and DHS have failed to develop and implement policies, procedures and training regarding the use of deadly force and proper tactics for dealing with mentally ill patients during psychotic episodes, including policies, procedures and training regarding the encounters with mentally ill patients in hospital settings. As a result of the absences of these policies, procedures and training, the sheriff's deputy involved in the underlying incident was not prepared to safely deal with the circumstances and improperly used unnecessary and unreasonable force against mentally ill patients like Nicholas Burgos.

29.     Nicholas Burgos did not die immediately after the shooting. Instead, he lived for an appreciable time after the shooting during which he suffered great physical and mental pain by reason of the injuries he sustained when the sheriff's

deputy shot him  and by reason of the great physical pain and mental anguished he suffered during the various medical procedures and surgeries, and he was able to appreciate his impending death until the time of his death on November 1, 2020.

30.   Plaintiffs have complied with the claims presentation requirements of the California Torts Claims Act.  Their claims were rejected by operation of law.

## VI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Unreasonable Search & Seizure**

**42 U.S.C. § 1983**

**As Against Defendant Dalia Gonzalez**

31.   Plaintiff ESTATE OF NICHOLAS BURGOS, by and through Mr. Burgos's successors in interest, reallege and incorporate the foregoing paragraphs as if set forth herein.

32.   The actions of Defendant Dalia Gonzalez in shooting and killing Nicholas Burgos, as described herein, violated Nicholas Burgos's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Nicholas Burgos to unreasonable searches and seizures of his person.  Under the totality of the relevant circumstances that existed, Nicholas Burgos posed no danger or threat to the defendant, or anyone else. The shooting and killing of Nicholas Burgos was unreasonable under the circumstances in every respect.

33.   The conduct of Defendant Dalia Gonzalez violated clearly established constitutional or other rights, of which Defendant Gonzalez knew, or of which reasonable public officials such as defendant Dalia Gonzalez should have known, rendering this defendant liable to Plaintiffs under 42 U.S.C. § 1983.

34.     After being shot, Nicholas Burgos endured great physical and emotional pain and suffering.

35.     The shooting deputy, Defendant Dalia Gonzalez, is liable to Plaintiff ESTATE OF NICHOLAS BURGOS for compensatory damages pursuant to 42 U.S.C. § 1983, including pre-death pain and suffering.

36.     The unreasonable and unwarranted shooting and killing of Nicholas Burgos was willful and done with a deliberate disregard for the rights and safety of Nicholas Burgos, and therefore warrants the imposition of punitive damages as to Defendant Dalia Gonzalez.

## SECOND CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Customs and Practices**

**42 U.S.C. § 1983**

**As Against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY DEPARTMENT OF HEALTH SERVICES and DOES 1 through 10**

37.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

38.     On and before October 6, 2020, and prior to the shooting of Nicholas Burgos, Defendants COUNTY OF LOS ANGELES, DHS and Does 1 through 10, and each of them, were aware that police officers on their premises and on the premises of other local hospitals were failing to use safe and proper tactics in detaining mentally ill persons or in their encounters with mentally ill persons.  Said defendants knew that the LASD was regularly present at HUMC and they were aware that the training that the LASD was providing its deputies was inadequate to preserve the safety and lives of mentally ill persons on their premises.

39.     Defendants COUNTY OF LOS ANGELES, DHS and Does 1 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, knowingly maintained, enforced and applied customs and practices of

a.  Allowing police officers and sheriff's deputies on their hospital premises without requiring any training as to how to safely deal with mentally ill patients, and by allowing police officers and sheriff's deputies to use unreasonable deadly force and shoot mentally ill patients;

b.  failing to implement corrective action plans to prevent repetition of excessive and unreasonable deadly force against patients;

c.  failing to implement policies and procedures for their hospital staff to follow in order to protect patients from police violence;

d.  failing to provide safe premises at HUMC which isolates and protects patients from police personnel not related to hospital security personnel,

e.  failing to implement policies and procedures which restrict the use of firearms on the premises of HUMC by non-security force police personnel,

f.  failing to isolate patients under police guard and police officer patients under police guard away from the general population of patients at HUMC,

g.  failing to install locking doors in patient wards and rooms which house mental health patients to prevent them from roaming/eloping from their rooms;

h.  allowing police personnel not trained in hospital security protocols, rules and procedures and police personnel from other jurisdictions to provide security services for inmate patients and police officers patients, and failing to provide specific training as to tactics for the handling, management and detention of mentally ill or disabled suspects.

40.  By reason of the aforementioned customs and practices, Nicholas Burgos was severely injured and subjected to pain and suffering and death as alleged above in the First Claim for Relief.

41.   39.   Defendants COUNTY OF LOS ANGELES, DHS and Does 1 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

42.   The policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY OF LOS ANGELES, LASD and DOES 6 through 10, and each of them, were affirmatively linked to and were a significantly influential force behind the injuries suffered by Nicholas Burgos and the Plaintiffs.

43.   Accordingly, Defendant COUNTY OF LOS ANGELES is liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

### THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Customs and Practices**

**42 U.S.C. § 1983**

**As Against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and DOES 6 through 10**

44.   Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

45.   On and before October 6, 2020, and prior to the killing of Nicholas Burgos, Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 6 through 10, and each of them, were aware that LASD deputies were regularly failing to use safe and proper tactics in contacting and detaining mentally ill persons.  Said defendants were aware that the training that the LASD was providing its deputies was inadequate to preserve the lives of mentally ill persons, including such persons housed in hospital settings.

46.     Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and Does 6 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, knowingly maintained, enforced and applied customs and practices of

a.     allowing deputies to shoot unarmed mentally ill persons without attempting to use less-than-lethal force;

b.     failing to train it's deputies in de-escalation techniques to be used during encounters with mentally ill persons/patients,

c.     ratifying wrongful conduct by sheriff's deputies and supervisors which result in serious injuries and death of mentally ill or disabled persons, through the payment of civil litigation judgments and settlements; and,

d.     failing to implement corrective action to prevent repetition of said wrongful conduct.

47.     By reason of the aforementioned customs and practices, Nicholas Burgos was severely injured and subjected to pain and suffering as alleged above in the First Claim for Relief.

48.     Defendants COUNTY OF LOS ANGELES, LASD and Does 6 through 10, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiffs and other individuals similarly situated.

49.     The policies, practices, and customs implemented and maintained and still tolerated by Defendants COUNTY OF LOS ANGELES, LASD and DOES 6

14

1   through 10, and each of them, were affirmatively linked to and were a significantly

2   influential force behind the injuries suffered by Nicholas Burgos and the Plaintiffs.

3       50.    Accordingly, Defendant COUNTY OF LOS ANGELES is liable to

4   Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

5   <u>**FOURTH CLAIM FOR RELIEF**</u>

6   **Interference with Familial Integrity**

7   **Substantive Due Process Violation**

8   **42 U.S.C. § 1983**

9   **As Against Defendants COUNTY OF LOS ANGELES, LOS ANGELES**

10   **COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY**

11   **DEPARTMENT OF HEALTH SERVICES,**

12   **DALIA GONZALEZ and DOES 1 through 10**

13       51.    Plaintiffs Maria Guzman and JNB reallege and incorporate the foregoing

14   paragraphs and allegations against all defendants herein as if set forth herein.

15       52.    The present claim is brought pursuant to 42 U.S.C. § 1983, for violation

16   of the right of familial integrity guaranteed by the Fourteenth Amendment of the

17   United States Constitution.

18       53.    As alleged above, the shooting and killing of Nicholas Burgos was

19   unreasonable under the circumstances of the encounter between Nicholas Burgos and

20   Defendant Dalia Gonzalez.  As such, the shooting and killing of Nicholas Burgos

21   violated the constitutional limits on police use of deadly force in violation of the

22   Fourth Amendment's limits on unreasonable seizures.

23       54.    At the same time, the shooting and killing of Nicholas Burgos violated

24   the rights of Plaintiffs JNB and Maria Guzman to be free from police interference in

25   their relationship with Nicholas Burgos.

26       55.    The unreasonable conduct of defendant Dalia Gonzalez was the direct

27   and proximate cause of the death of Nicholas Burgos. As a result of the unreasonable

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

conduct of defendant Gonzalez, Plaintiffs lost Nicholas Burgos, as well as his love, affection, society, and financial and moral support.

56.  As a result, Defendants COUNTY OF LOS ANGELES, LASD, DHS, Dalia Gonzalez and DOES 1 through 10 are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983.

57.  The unreasonable conduct of Defendant Gonzalez was willful and done with a deliberate disregard for the rights and safety of Nicholas Burgos and the present Plaintiffs and therefore warrants the imposition of punitive damages as to defendants Dalia Gonzalez and DOES 1 through 10.

## FIFTH CLAIM FOR RELIEF

### Assault & Battery

### As Against Defendants COUNTY OF LOS ANGELES and Dalia Gonzalez

58.  Plaintiff Estate of Nicholas Burgos, by and through Nicholas Burgos's successors in interest, reallege and incorporate the foregoing paragraphs as if set forth herein.

59.  This cause of action arises under the general laws, statutes and Constitution of the State of California.  Plaintiffs have complied with the California Tort Claims Act requirements.

60.  Defendant Dalia Gonzalez assaulted and battered Nicholas Burgos, as pleaded herein above, when said Defendant acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Nicholas Burgos by unreasonably and unjustly shooting Nicholas Burgos.

61.  These acts were undertaken by Dalia Gonzalez intentionally and without justification.

62.  As a result of these deliberate and unjustified acts undertaken by said defendant, Nicholas Burgos endured great physical and emotional pain and suffering, and, after an extended period, died.

63.     These deliberate and unjustified acts undertaken by defendant Dalia Gonzalez was willful and done with a deliberate disregard for the rights and safety of decedent Nicholas Burgos and, therefore, warrant the imposition of exemplary and punitive damages against her.

64.     Defendant COUNTY OF LOS ANGELES is liable to Plaintiffs for the acts of their public employees, the individual Defendant herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

**SIXTH CLAIM FOR RELIEF**

**Wrongful Death**

**As Against Defendants COUNTY OF LOS ANGELES and Dalia Gonzalez**

65.     Plaintiffs Maria Guzman and JNB reallege and incorporate the foregoing paragraphs as if set forth herein.

66.     This cause of action arises under the general laws and Constitution of the State of California.  Plaintiffs have complied with the California Tort Claims Act requirements.

67.     Defendant Dalia Gonzalez, while working as sheriff's deputy of the LASD, and acting within the course and scope of her duties, employed negligent tactics and intentionally and/or without due care shot Nicholas Burgos.  The shooting resulted as a result of said defendant's improper and negligent tactics.  As a result of these intentional acts and negligence, Nicholas Burgos suffered serious injuries and lost his life.  Defendant Dalia Gonzalez had no legal or reasonable justification for her actions.

68.     As a direct and proximate result of the conduct of defendant Dalia Gonzalez, Nicholas Burgos lost his life.  Plaintiffs have been deprived of the life-long love, affection, comfort, support and society of Nicholas Burgos, and will continue to be so deprived for the remainder of their natural lives.  Plaintiffs were further caused

1  to pay funeral and burial expenses as a result of the conduct of defendant Dalia

2  Gonzalez.

3      69.    Defendant COUNTY OF LOS ANGELES is vicariously liable for the

4  wrongful, intentional and/or negligent acts of defendant Dalia Gonzalez, pursuant to

5  California Government Code § 815.2, which provides that a public entity is liable for

6  the injuries caused by its employees within the scope of the employment if the

7  employee's act would subject him or her to liability.

8  <u>**SEVENTH CLAIM FOR RELIEF**</u>

9  **Wrongful Death**

10  **As Against Defendants COUNTY OF LOS ANGELES and**

11  **DOE DEFENDANTS 1 THROUGH 10**

12      70.    Plaintiffs Maria Guzman and JNB reallege and incorporate the foregoing

13  paragraphs as if set forth herein.

14      71.    This cause of action arises under the general laws and Constitution of the

15  State of California.  Plaintiffs have complied with the California Tort Claims Act

16  requirements.

17      72.    Defendants DOES 1 through 10 were employed as managers,

18  supervisors, administrators and medical and mental health professionals for defendant

19  Los Angeles County.  They each were responsible for the management of the HUMC

20  and for providing care and treatment to Nicholas Burgos.

21      73.    Defendants DOES 1 through 10, and each of them, acting with deliberate

22  indifference to the rights and liberties of the public in general, and of the present

23  Plaintiffs, knowingly maintained, enforced and applied customs and practices of

24      a.    Allowing police officers and sheriff's deputies on their hospital premises

25          without requiring any training as to how to safely deal with mentally ill

26          patients, and by allowing police officers and sheriff's deputies to use

27          unreasonable deadly force and shoot mentally ill patients;

28

b.    failing to implement corrective action plans to prevent repetition of excessive and unreasonable deadly force against patients;

c.    failing to implement policies and procedures for their hospital staff to follow in order to protect patients from police violence;

d.    failing to provide safe premises at HUMC which isolates and protects patients from police personnel not related to hospital security personnel,

e.    failing to implement policies and procedures which restrict the use of firearms on the premises of HUMC by non-security force police personnel,

f.    failing to isolate patients under police guard and police officer patients under police guard away from the general population of patients at HUMC,

g.    failing to install locking doors in patient wards and rooms which house mental health patients to prevent them from roaming/eloping from their rooms;

h.    allowing police personnel not trained in hospital security protocols, rules and procedures and police personnel from other jurisdictions to provide security services for inmate patients and police officers patients, and failing to provide specific training as to tactics for the handling, management and detention of mentally ill or disabled suspects.

74.    By reason of the aforementioned negligent customs and practices, Nicholas Burgos was severely injured and subjected to pain and suffering and death as alleged above in the First Claim for Relief.

75.    Defendants DOES 1 through 10, and each of them, acting as physicians, nurses, technicians and other medical staff also negligently failed to properly care for Nicholas Burgos by allowing him access to locations within the HUMC facility where armed police were present, knowing that contact with such offices would result in harm to Nicholas Burgos. They fell below the standard of care in providing him

medical and mental health care and ensuring that the premises where he was being attended to were reasonably safe.

76.   As a direct and proximate result of the conduct of Defendants DOES 1 through 10, and each of them, Nicholas Burgos lost his life.  Plaintiffs have been deprived of the life-long love, affection, comfort, support and society of Nicholas Burgos, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs were further caused to pay funeral and burial expenses as a result of the conduct of said defendants.

77.   Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful, intentional and/or negligent acts of defendant Dalia Gonzalez, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## EIGHTH CLAIM FOR RELIEF

### Civil Rights Violations (Cal. Civ. Code § 52.1)

### As Against Defendants COUNTY OF LOS ANGELES and Dalia Gonzalez

78.   Plaintiffs Maria Guzman, JNB, and ESTATE OF NICHOLAS BURGOS reallege and incorporate the foregoing paragraphs as if set forth herein.

79.   This cause of action arises under the general laws and Constitution of the State of California, including California Civil Code § 52.1 and California Government Code §§820 and 815.2.  Plaintiffs complied with the California Tort Claims Act requirements.

80.   As a result of the conduct of defendants Dalia Gonzalez and DOES 2 through 10 by the use of threats, intimidation, and coercions, interfered with Plaintiffs' exercise and enjoyment of the rights secured by the United States Constitution and other Federal laws, the Constitution and laws of the State of California, and their rights under California Civil Code § 52.1.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

81.     All of the above acts and omissions of defendant Gonzalez were wilful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to her.

82.     Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiffs for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A.      For compensatory damages, including pre-death pain and suffering damages, general damages and special damages, and statutory damages for violation of the laws and Constitution of the United States and State of California, in an amount to be determined at trial;

B.      For punitive damages against defendants Dalia Gonzalez and DOES 1 through 10 pursuant to 42 U.S.C. § 1983, and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each of them;

C.      For prejudgment interest to be determined at trial;

D.      For reasonable costs of this suit and attorneys' fees, including attorneys' fees pursuant to 42 U.S.C. § 1988; and

///
///
///
///
///
///
///
///

1           E.            For such further other relief as the Court may deem just, proper, and

2     appropriate.

3

4     Dated: July 9, 2021                   Law Office of Azuka L. Uzoh, Esq.

                                    By:  */s/ Azuka L. Uzoh*

5                                             AZUKA L. UZOH

6                                     Attorneys for Plaintiffs, ESTATE OF

                                NICHOLAS BURGOS, MARIA GUMAN,

7                                     and JNB

8

9     Dated: July 9, 2021                   CASILLAS & ASSOCIATES

                                    By:  */s/ Arnoldo Casillas*

10                                    ARNOLDO CASILLAS

                                DENISSE O. GASTÉLUM

11                                    Attorneys for Plaintiffs, ESTATE OF

12                                    NICHOLAS BURGOS, MARIA GUMAN,

                                and JNB

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

**DEMAND FOR JURY TRIAL**

Plaintiff Attorneys for Plaintiffs ESTATE OF NICHOLAS BURGOS, MARIA GUMAN, and JNB and hereby demand trial by jury.

Dated: July 9, 2021                    Law Office of Azuka L. Uzoh, Esq.

                                       By:   */s/ Azuka L. Uzoh*
                                             AZUKA L. UZOH
                                       Attorneys for Plaintiffs, ESTATE OF
                                       NICHOLAS BURGOS, MARIA GUMAN,
                                       and JNB

Dated: July 9, 2021                    CASILLAS & ASSOCIATES

                                       By:   */s/ Arnoldo Casillas*
                                       ARNOLDO CASILLAS
                                       DENISSE O. GASTÉLUM
                                       Attorneys for Plaintiffs, ESTATE OF
                                       NICHOLAS BURGOS, MARIA GUMAN,
                                       and JNB

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**